JOE FLEMING, *Plaintiff in Error. v.* THE STATE OF FLORIDA, *Defendant in Error.*

1. A judgment entry "that the motions be and the same are hereby refused" indicates that the motions were entertained and denied, rather than that the motion to entertain them was refused.

2. A Court may insist upon the personal presence of one found guilty of a felony, if practicable, upon the argument of a motion in arrest of judgment or for a new trial.

This case was decided by the court En Banc.

The facts in the case are stated in the opinon of the court.

Writ of error to the Criminal Court of Record for Duval County.

*Frank D. Brannan,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—Joe Fleming was convicted of grand larceny and second larceny on September 3, 1910, and on the same day, upon being asked if he had anything to say why sentence should not be pronounced against him and saying nothing sufficient was sentenced to ten years

in the State prison.   At the same term on September 6th, through his attorneys he filed a motion in arrest of judg. ment, and on September 15th, the following entry in this cause appears:

"Comes now the defendant's counsel A. R. Logan and F. D. Brennan, and in open court, moves the court to hear the motions for new trial and arrest of judgment in this cause, the defendant not being present in court it is considered by the court that the said motions be and the same are hereby refused.

It is ordered that this court do now adjourn sine die."

The case is here upon the record proper, without a bill of exceptions, three errors having been assigned.   Assignments based upon the alleged failure of the court to have Fleming brought into court for the hearing, and for adjourning without disposal of the motions, being abandoned tacitly, in that they are not argued, the remaining assignment is: "The court erred in refusing to entertain and decide the motions for a new trial and in arrest of judgment made and submitted on behalf of the plaintiff in error in the court below."

The argument on this assignment proceeds wholly upon the theory that under the modern trend of American Authorities, personal presence of the prisoner is not necessary after verdict, that his counsel had waived it, and therefore the court had no good reason for his refusal to entertain the motions.

A technical answer to the contention might be found in the grammatical construction of the quoted minute entry.   This may be read as a denial of the motions for new trial and arrest of judgment, with a recital as to defendant's absence, indicating that the court had yielded to the views of counsel now urged before us.   They made a single motion that two motions be heard and the court's

4—vol. 62

order is in the plural that the motions be refused.    Technical accuracy would substitute for "refused" the word "denied," and with this verbal change the construction would be well nigh certain.

We may admit that there are adjudged cases and text writers holding that the personal presence of the prisoner, even in felonies, is essential only from the arraignment to the verdict, and this court has held that it is not necessary that the record affirmatively show the personal presence upon the argument of the motion for a new trial, and yet with this admission we do not find that authorities hold that a court may not insist upon the personal presence, when practical, and there is nothing to indicate that there were difficulties in the way of having Fleming brought into court.

We might hesitate to take so narrow a view of the case, were it not so plainly evident upon inspection of the motion in arrest that it is entirely without merit.

Judgment affirmed.

All concur, except SKACKLEFORD, J., absent who concurred in the opinion as prepared.